# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-148-GKF |
| | ) | |
| STEVEN RAY AUTEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion for Revocation of Release Order [Dkt. #19] filed by plaintiff United States of America ("United States"). The United States, pursuant to 18 U.S.C. § 3145(a), asks the court to revoke the release order in this matter issued by Magistrate Judge T. Lane Wilson on October 21, 2014.[1]

A district court reviews a Magistrate Judge's ruling on pretrial detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985). The district court need not conduct a new pretrial detention hearing. Rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel. *United States v. Boyd*, 484 F.Supp.2d 486, 487 (E.D.Va. 2007). The rules of evidence do not apply to a pretrial detention hearing. 18 U.S.C. § 3142(f). "The facts the judicial officer uses to support a finding pursuant to [18 U.S.C. § 3142(e)] that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)((2)(B).

---

[1] The Magistrate Judge stayed the Order Setting Conditions of Release pending resolution of the pending motion.

By Indictment issued September 3, 2014 [Dkt. #2] a Grand Jury sitting in this federal district charged defendant Steven Ray Auten ("Auten") with one count of violation of 18 U.S.C. §§ 2113(a) and 2113(d), (bank robbery by force and violence, or by intimidation and placing in jeopardy the life of any person by the use of a dangerous weapon or device). On October 9, 2014, the United States filed a Motion for Detention [Dkt. #8] and Motion for Detention Hearing [Dkt. #9].

Under 18 U.S.C. § 3142(f), a judicial officer must hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Pursuant to 18 U.S.C. § 3142(e), if after a detention hearing, a "judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial." In this respect, "[t]he facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

In determining whether the defendant should be detained the court is to consider the provisions contained in 18 U.S.C. § 3142(g), which provides, in pertinent part:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 . . . or involves a. . . firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;

>        (3) the history and characteristics of the person . . .
>
>        (4) the nature and seriousness of the danger any person or the community that would be posed by the person's release.

Additionally, 18 U.S.C. § 3142(e) provides that detention shall be ordered if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

In the case of "a crime of violence," a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 US.C. § 3142(e)(2). The burden of production shifts to the defendant once the presumption is invoked.

"Once [the rebuttable] presumption is invoked, the burden of production shifts to the defendant," but "the burden of persuasion regarding . . . danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355.

In its Motion for Detention Hearing [Dkt. #9], the government asserted (1) the existence of a serious risk that defendant will flee and (2) that release of the defendant would create a serious danger to the safety of other persons or the community. 18 U.S.C. § 3142(f)(2)(A) and (B). Additionally, at the October 14, 2014 hearing on the Motion for Detention, counsel for the government argued the crime charged is a crime of violence in which the defendant threatened to use a bomb. [Dkt. #21, TR at 4-5].

Defendant's mother, Brenda Auten, testified she would be willing to serve as a third party custodian of her son, ensure he makes his court appearances and abides by the conditions of his

3

release. [*Id.*, TR at 6-10]. The hearing was continued to give the probation officer an opportunity to visit with family members and visit Ms. Auten's home. [*Id.*, TR at 16]. Following that visit, the probation officer told the Magistrate Judge he believed Auten is a candidate for release and that Probation can supervise him. [Dkt. #22 at 2, 9].

On October 21, 2014, at the continued hearing on the Motion for Detention, the Magistrate Judge found that the United States had presented evidence sufficient to establish probable cause that defendant had committed the crime alleged, which was a crime of violence, and therefore the presumption of detention applied. [Dkt. #22, TR at 4, 7]. The Magistrate Judge concluded, however, that defendant had rebutted the presumption by showing that there are conditions that could be put in place that would reasonably ensure the safety of the community and the defendant's appearance at future court proceedings, and the government had not presented clear and convincing evidence that defendant would be a danger to the community. [*Id.*, TR at 12-13]. In particular, he took note of the following: (1) defendant's lack of any prior criminal record or record of violence; (2) defendant did not have a bomb and nobody was injured; (3) he has now spent significant time in custody; (4) he has very strong ties to community; (4) his mother's willingness to supervise him and ensure he does not violate his conditions of release; and (5) the probation officer's belief that defendant could be properly supervised. [*Id.*, TR at 2, 9, 12].

In addition to standard conditions, the Magistrate Judge imposed, the following conditions:

- The defendant is to be placed in custody of his mother, Brenda Auten and subject to home confinement;

- The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon;

- The defendant is prohibited from using alcohol and/or gambling;

- The defendant, at the discretion of the U.S. Probation Office, successfully participate in a program of mental health treatment.[2]

[Dkt. ##17-18]. The court stayed the order of release pending the government's appeal. [Dkt. #22, TR at 21].

The court has reviewed the parties' pleadings, applicable case law, and the transcript of the detention hearing, including the evidence proffered by both parties and argument by counsel. In light of the factors listed in 18 U.S.C. § 3142(g)(1)-(4) and the presumption of detention set forth in 18 U.S.C. § 3142(e), the court makes the following written findings of fact:

1. There is probable cause to believe that defendant Auten committed the crime of bank robbery by force and violence or by intimidation and placing in jeopardy the life of any person by the use of a dangerous weapon or device. Specifically, there is probable cause to believe that on August 9, 2014, Auten entered the International Bank of Commerce in Owasso, Oklahoma, carrying a small bag and a duffel bag, and held up the bank by handing a teller a note that demanded money, stated she had 10 seconds to comply and that he had a bomb inside and "it is planted." As a result, pursuant to 18 U.S.C. § 3142(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Thus, the burden of production is shifted to defendant.

---

[2] In the October 14 hearing, the Magistrate Judge observed that "it appears from the pretrial services report [defendant has] a gambling and drinking issue." [Dkt. #21 at 16.] In the October 21 hearing, the Magistrate Judge stated, "I expect Mr. Auten to be evaluated very quickly after his release for any mental health issues, and I expect that if there are any concerns there, we will be back here talking about those issues." [Dkt. #22 at 11].

2. The defendant's mother, Brenda Auten, has agreed to let defendant live with her in her home at 5518 E. Latimer Court, Tulsa, Oklahoma 74115, if he is released, and to supervise him during pretrial release. Ms. Auten has agreed to cosign a bond for defendant and act as his third party custodian. She testified she will ensure he makes his court appearances; that she understands he would be placed 24 hours, seven days a week in her home with no leave, and if he violated that restriction, she would turn him in. [Dkt. #21, TR at 8-9]. She testified she has no issue with him being on an electronic monitor or global-positioning device, there are no firearms or dangerous weapons in the house, she has no reason to believe he would do any kind of violence to anyone, and other members of the household are comfortable with him being at home while the case is pending. [*Id.*, TR at 9]. She understands that by agreeing to be a third-party custodian, she essentially agrees she would be responsible if her son failed to appear for court hearings or violated any conditions of release. [*Id.*, TR at 9-10].

3. Defendant is 30 years old. His parents are Tommie Auten and Brenda Auten. He has two siblings. [Pretrial Services Report]. He has been married to Jennifer Auten for seven years and the couple has two children, Tommie and Jacob Auten. [*Id.*]. His wife and children currently reside with his parents; he maintains contact with his wife, children and parents. [*Id.*]. He was previously married to Belinda Gaskins for two years and the couple has two children, Summer and Hanna Auten. [*Id.*]. He has custody of both children, who also reside with his parents. [*Id.*].

4. Prior to his arrest on the instant offense, he worked as a delivery driver for Sygma Network, Pryor, Oklahoma, for approximately three weeks. [*Id.*]. Previously, he worked as a delivery driver for Coca-Cola in Tulsa for approximately four years, earning approximately $750 per week. [*Id.*].

5. Auten has no prior criminal history and no prior history of violence. [Pretrial Sentence Report].

6. Auten has worked since the age of 15 when he fathered his first child. He obtained his GED on his own. [Dkt. #21, TR at 5, 11]. He is a good father and a reliable person, and has never shown any violence before. [*Id.*, TR at 11]. At the time of the conduct charged in the indictment, he was having significant money troubles. [*Id.*]. His relatives and pastor are all certain that if he were confined to the home, he would make his court appearances and there would be no danger to anyone. [*Id.*].

7. The initial Pretrial Services Report did not recommend release. However, after the probation officer visited Ms. Auten's home and talked with family members, he told the Magistrate Judge he believed Auten is a candidate for release and Probation can supervise him. [Dkt. #22 at 2, 9].

The court finds and concludes that defendant has met his burden of persuasion that the conditions of will reasonably assure the safety of the community and the continued appearance of defendant in this matter. The government has not met its burden of presenting clear and convincing evidence that Auten would be a danger to the community. 18 U.S.C. § 3142(f)(2).

In his response to the government's Motion for Revocation of Release Order, defendant acknowledged the court has discretion to amend the conditions of release imposed by the Magistrate Judge. [Dkt. #20 at 5]. He noted he had proffered during the detention hearing that he would comply with 24-hour home detention monitored electronically, and advised that his mother has already installed a land line to meet that requirement. [*Id.*]. He stated that while the Magistrate Judge's release order did not impose that condition, he has no objection to this court amending the release order to include that condition. [*Id.*]. The court finds this modification

would further ensure that Auten will obey the conditions of release and minimize the risk that his release will pose a danger to the community.

Accordingly, the United States' Motion for Revocation of Release Order [Dkt. #19] is denied. The Order Setting Conditions of Release is modified to include the requirement that Auten submit to 24-hour home detention monitored electronically. The stay of the Order Setting Conditions of Release, as modified, is lifted.

ENTERED this 3rd day of November, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT